1  Kerry K. Fennelly (SBN 232621)
   kfennelly@kraw.com
2  Jasleen D. Ahuja (SBN 285419)
   jahuja@kraw.com
3  Kraw Law Group, APC
   1017 East Grand Avenue
4  Escondido, CA 92025
   (760) 747-1100 tel
5  (760) 747-1188 fax

6  Attorneys for Plaintiffs

7              **UNITED STATES DISTRICT COURT**

8             **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 9  BOARD OF TRUSTEES OF THE CALIFORNIA IRONWORKERS FIELD PENSION TRUST, BOARD OF TRUSTEES OF THE CALIFORNIA IRONWORKERS FIELD WELFARE TRUST, BOARD OF TRUSTEES OF THE CALIFORNIA FIELD IRONWORKERS VACATION TRUST FUND, BOARD OF TRUSTEES OF THE CALIFORNIA FIELD IRONWORKERS APPRENTICESHIP TRAINING AND JOURNEYMAN RETRAINING FUND, BOARD OF TRUSTEES OF THE CALIFORNIA AND VICINITY FIELD IRONWORKERS ANNUITY TRUST FUND, BOARD OF TRUSTEES OF THE CALIFORNIA FIELD IRONWORKERS ADMINISTRATIVE TRUST, BOARD OF TRUSTEES OF THE CALIFORNIA FIELD IRONWORKERS LABOR MANAGEMENT COOPERATIVE TRUST FUND, AND BOARD OF TRUSTEES OF THE IRONWORKERS WORKERS' COMPENSATION TRUST, <br><br>    Plaintiffs, <br><br>v. <br><br>B.F. STEEL, INC., a California | CASE NO.  2:19-cv-02082 <br><br>**COMPLAINT:** <br>  1. **BREACH OF WRITTEN COLLECTIVE BARGAINING AGREEMENT AND RELATED TRUST AGREEMENTS** <br>  2. **VIOLATION OF SECTION 515 OF ERISA** |

1

COMPLAINT

corporation,                              )
                                          )
              Defendant.                  )
                                          )
                                          )
                                          )
                                          )
                                          )
                                          )
                                          )
                                          )
                                          )
_____ )

Plaintiffs complain and allege as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this case under Section 502(e) of the Employee Retirement Income Securities Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132(e), which grants the district courts of the United States, the exclusive jurisdiction over civil actions brought by a fiduciary pursuant to Section 502 (a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to redress violations or enforce the terms of ERISA or an employee benefit plan governed by ERISA. Such jurisdiction exists without respect to the amount in controversy or the citizenship of the parties, as provided in Section 502(f) of 29 U.S.C. §1132(f).

2.      This Court also has jurisdiction over this case pursuant to Section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185(a), which grants the district courts of the United States original jurisdiction over suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce, without respect to the amount in controversy and the citizenship of the parties.

3.      Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Section 301(a) of the LMRA, 29 U.S.C. § 185(a), as it is the district

in which the subject employee benefit plans are administered, it is the district in which the relevant acts took place, and it is the district in which monies are due and payable.

4.    To the extent this Complaint sets forth any state law claims, this Court has supplemental jurisdiction over those claims pursuant 28 U.S.C. § 1367(a).

**PARTIES**

5.    Plaintiffs are the trustees of the CALIFORNIA IRONWORKERS FIELD PENSION TRUST ("Pension Trust"), CALIFORNIA IRONWORKERS FIELD WELFARE TRUST ("Welfare Trust"), CALIFORNIA FIELD IRONWORKERS VACATION TRUST FUND ("Vacation Trust"), CALIFORNIA FIELD IRONWORKERS APPRENTICESHIP TRAINING AND JOURNEYMAN RETRAINING FUND (Training Fund"), CALIFORNIA AND VICINITY FIELD IRONWORKERS ANNUITY TRUST FUND ("Annuity Fund"), CALIFORNIA FIELD IRONWORKERS ADMINISTRATIVE TRUST ("Admin. Trust"), CALIFORNIA FIELD IRONWORKERS LABOR MANAGEMENT COOPERATIVE TRUST FUND ("LMC Trust"), and IRONWORKERS WORKERS' COMPENSATION TRUST ("Workers' Comp. Trust"), (collectively "Trust Funds").

6.    The Trust Funds are each duly organized and operating in the State of California.

7.    The Trust Funds are multiemployer trust funds created and maintained pursuant to Section 302(c) of the LMRA, 29 U.S.C. § 186(c).

8.    The Pension Trust, Welfare Plan, Vacation Trust, Training Fund, and Annuity Fund are multiemployer plans within the meaning of Sections 3(37) and 515 of ERISA, 29 U.S.C. §§1002(37)(A) and 1145, and the Plaintiff trustees of these five Trust Funds are "fiduciar[ies]" as defined in Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

9.    Plaintiffs are informed and believe, and allege thereon, that Defendant B.F. STEEL, INC. ("Defendant"), is and at all times relevant herein was, a corporation organized and existing under the state laws of the State of California with its principal place of business in Harbor City, California.

COMPLAINT

1

2

**FIRST CLAIM FOR RELIEF**
**BREACH OF WRITTEN COLLECTIVE BARGAINING**
**AGREEMENT AND RELATED TRUST AGREEMENTS**

3

4

10.    Plaintiffs hereby incorporate by reference paragraphs 1 through 9 above to the same effect as if set forth verbatim here.

5

6

7

8

11.    On or about July 1, 2017, Defendant executed an agreement entitled Iron Workers Independent Agreement ("Independent Agreement").   Attached hereto as Exhibit 1 and incorporated herein by reference is the executed copy of the Independent Agreement.

9

10

11

12.    On or about July 1, 2017, Defendant executed an agreement entitled Contributing Employers Agreement.   Attached hereto as Exhibit 2 and incorporated herein by reference is the executed copy of the Contributing Employers Agreement.

12

13

14

15

16

17

18

19

13.    By and through the Independent Agreement, Defendant has agreed to be bound by the terms and conditions of the collective bargaining agreement known as the Iron Worker Employers State of California and a portion of Nevada… and District Council of Iron Workers of the State of California and Vicinity Master Agreement ("Master Agreement"), and the declarations of Trust for each of the Trust Funds ("Trust Agreements").  The Master Agreement and Trust Agreements are collectively referred to herein as the "Agreements."  At all relevant times herein, Defendant was obligated under terms and conditions of the Agreements.

20

21

22

23

14.    Pursuant to the Agreements and the rules, regulations and procedures of the Trust Funds, Defendant is required to submit true and complete monthly reports, and pay to the Trust Funds, and each of them, certain sums for each hour paid and/or worked during the month by iron workers employed by Defendant ("contributions").

24

25

26

27

15.    Said reports and contributions were agreed to be due and payable by a date certain in the succeeding month in which the hours of work was performed.  Defendant is required to submit monthly reports showing zero hours if no iron workers are employed.

28

COMPLAINT

16.     Pursuant to the terms of the Agreements, Defendant is required to ensure its subcontractors satisfy all obligations under the Agreements, including the payment of the contributions, and Defendant is primarily liable for any unpaid contributions owed as a result of the hours paid and/or worked by the iron workers employed by its subcontractors.

17.     Pursuant to the terms of the Agreements, the Trust Funds are authorized to examine and audit the books and records of Defendant to determine whether Defendant is making full and prompt payment of all sums required to be paid to the Trust Funds. The Agreements further provide that in event an audit discloses that Defendant has failed to correctly report and pay contributions in accordance with the Agreements for reason other than clerical error or omission, Defendant shall be liable for an hourly charge for the audit, the unpaid contributions, liquidated damages, reasonable attorney's fees and any other costs of collection.

18.     The Agreements are binding upon the heirs, executors, administrators, successors, purchasers, and assigns of Defendant, including any name or style under which business is conducted with respect to work covered by the Agreements.

19.     Plaintiffs are informed and believe, and allege thereon, at relevant times herein, Defendant performed work covered by the Agreements.

20.     Defendant failed to timely pay contributions owed to Plaintiffs as required by the Agreements for the period of at least August 2018 through January 2019 and ongoing. Accordingly, Defendant is in breach of the Agreements.

21.     By reason of the foregoing, Defendant is obligated to pay Plaintiffs unpaid contributions in an amount to be established by proof at trial of at least $185,255.53.

22.     Pursuant to the Agreements, Defendant is obligated to pay to Plaintiffs liquidated damages for the determinant caused by its failure to pay contributions owed to Plaintiffs in a timely manner.  Plaintiffs are informed and believe, and thereon allege, that liquidated damages are due and payable from Defendant to Plaintiffs assessed

through March 14, 2019 in an amount to be established by proof at the time of trial of at least $37,096.12.

23.   Pursuant to the Agreements, Defendant owes Plaintiffs interest on all unpaid contributions from the dates the sums were originally due to the Trust Funds.  Plaintiffs are informed and believe, and thereon allege, that interest is due and payable from Defendant to Plaintiffs assessed through March 14, 2019 in an amount to be established by proof at the time of trial of at least $6,182.87.

24.   It has been necessary for Plaintiffs to engage legal counsel for the purpose of collecting the amounts due.  Plaintiffs have also incurred auditing and other costs related to such collections.  Pursuant to the Agreements, Plaintiffs are entitled to their reasonable attorney's fees and all costs in connection therewith in an amount to be established by proof at the time of trial.

25.   Plaintiffs are informed and believe, and thereon allege, that there is no legal excuse for Defendant's breach of the Agreements.

26.   The Agreements do not require Plaintiffs to exhaust administrative remedies before initiating this action.

**SECOND CLAIM FOR RELIEF**

**VIOLATION OF SECTION 515 OF ERISA**

27.   Plaintiffs hereby incorporate by reference paragraphs 1 through 26 above to the same effect as if set forth verbatim here.

28.   Pursuant to Section 515 of ERISA, 29 U.S.C. § 1145, "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with the law, make such contributions in accordance with the terms and conditions of such plan or such agreement."

29.   Defendant failed to timely pay contributions owed to Plaintiff as required under the Agreements from at least August 2018 through January 2019 and ongoing. As such, Defendant is in violation of Section 515 of ERISA.

30.    By reason of the foregoing, and pursuant to the Agreements and section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), Plaintiffs are entitled to contributions of at least $185,255.53, plus liquidated damages, interest, audit fees, attorney's fees and costs from Defendant.  These amounts shall be established by the proof at the time of trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray for judgment against Defendant as follows:

1.    For unpaid contributions in an amount as proved of at least $185,255.53;

2.    For liquidated damages in an amount as proved of at least $37,096.12;

3.    For interest in an amount as proved of at least $6,182.87;

4.    For an Order requiring Defendant to submit their records to Plaintiffs for the months of February 2019 to the present;

5.    For audit expenses in amount as proved;

6.    For Plaintiffs' reasonable attorney's fees incurred herein;

7.    For Plaintiffs' costs of suit incurred herein; and

8.    For such additional relief as the Court deems just and proper.


Dated: March 20, 2019

/s/ Jasleen D. Ahuja
Kerry K. Fennelly, Esq.
Jasleen D. Ahuja, Esq.
KRAW LAW GROUP, APC
1017 East Grand Avenue
Escondido, CA 92025
(760)747-1100 tel
(760)747-1188 fax
kfennelly@kraw.com
jahuja@kraw.com

Attorneys for Plaintiffs

COMPLAINT

# EXHIBIT 1

Bd. of Trs. of the California Ironworkers
Field Pension Trust, et al., v. B.F. Steel,
Inc.

EXHIBIT 1 to COMPLAINT - 8
2:19-cv-02082

# IRON WORKERS INDEPENDENT AGREEMENT

It is hereby mutually understood and agreed by and between the undersigned individual employer and the District Council of Iron Workers of the State of California and Vicinity, for and on behalf of its affiliated California Field Iron Worker Local Unions, that for and in consideration of services performed and to be performed by the Iron Workers for the undersigned, the undersigned individual employer agrees to comply with all wages, hours, working conditions, provisions and rules as set forth in the Agreement known as Iron Worker Employers State of California and a Portion of Nevada…and District Council of Iron Workers of the State of California and Vicinity Master Agreement which is in effect at the execution date hereunder and incorporated herein by reference and made part hereof, and any amendments, modifications, changes, extensions or renewals of or to said Master Agreement which may be negotiated by the parties thereto.

The undersigned individual employer hereby voluntarily recognizes the Union as the majority collective bargaining representative of all employees employed by said individual employer performing work covered by this Agreement at all jobsites located within the State of California, the State of Arizona, and the State of Nevada with the exception of the counties of Elko, Eureka and White Pine located in the State of Nevada and agrees that the Union has demonstrated that it is the majority representative of such employees in an appropriate collective bargaining unit. By executing this Independent Agreement or by the execution of all previous Independent Agreements, the individual employer specifically agrees that it is establishing or has established a collective bargaining relationship within the meaning of Section 9(a) of the National Labor Relations Act of 1947, as amended.

The individual employer by executing this Iron Workers Independent Agreement continues to be bound by each and every of the Iron Workers Independent Agreements previously signed by said individual employer, if any, for all work performed by said individual employer as described in the Iron Workers Master Agreement regardless of the name or style or method of organization of any individual employer entity including but not necessarily limited to any activity as a contractor, subcontractor, owner, developer and/or construction manager and specifically applies to any company, firm or corporation in the construction industry with which or to which the undersigned has any connection of any nature or kind whatsoever.

The undersigned individual employer agrees to pay all monetary contributions for each hour paid for or worked by employees performing work covered by the Iron Workers Master Agreement to each and every all and singular of the Trust Funds specified in said Master Agreement and to accept, assume and be bound by all of the obligations of any Trust Agreements, Plans or Rules, or any amendments, modifications or changes thereof made by the parties thereto, as are now or may hereafter be imposed upon the individual employer by or pursuant to any such Trusts, Trust Funds or Plans as set forth in the Iron Workers Master Agreement or any applicable Trust Agreements, and any other Trusts or Plans which may be negotiated into said Master Agreement.

The individual employer subject to this Iron Workers Independent Agreement further agrees that he does irrevocably designate and appoint the employer members of said Trust Funds and Plans mentioned in the Iron Workers Master Agreement as his attorneys in fact for the selection, removal and substitution of Trustees or Board Members as provided in the Trust Agreements or Plans and as may be hereafter provided by or pursuant to said Trust Agreements or Plans and any other Trusts or Plans which may be negotiated into said Master Agreement.

Notwithstanding any provisions of the Iron Workers Master Agreement or this Independent Agreement, it is understood that the individual employer is required to give written notice to the District Council of Iron Workers of the State of California and Vicinity of the name or names of any entity, person, firm or corporation engaged in the construction industry with which the undersigned becomes or is now connected and any change of name or style under which the undersigned will be or is engaged in the construction industry in the territory covered by said Master Agreement. Such written notice must be given no less than ten (10) days prior to the dates of any such change of name, new corporation, change of corporate status, creation or formation of any entity, etc.

If the undersigned employer contracts or subcontracts any work covered by the Iron Workers Master Agreement to any person or proprietor who is not signatory to said Master Agreement, the undersigned individual employer shall require such subcontractor to be bound to all the provisions of the Iron Workers Master Agreement and this Independent Agreement.

Notwithstanding any provisions of the Iron Workers Master Agreement or this Independent Agreement, the California Field Iron Worker Local Unions reserve the right to strike the undersigned individual employer for alleged contract violations or breach of this Independent Agreement except any alleged violations of the Section entitled "Application to Subcontractors" in the Master Agreement and said strike shall not be deemed a breach of contract by said Local Unions. The California Field Iron Worker Local Unions, at their sole option, may process any alleged breach of contract through the grievance procedure of the Iron Workers Master Agreement or by strike, or both. Claims for unpaid wages or Trust Fund Contributions may be submitted to the Labor Commissioner at the sole option of the California Field Iron Worker Local Unions or the appropriate Trust Funds, at any time, in addition to any other remedy provided by the Iron Workers Master Agreement of this Independent Agreement or by law.

7/16-5M

Bd. of Trs. of the California Ironworkers Field Pension Trust, et al., v. B.F. Steel, Inc.

EXHIBIT 1 to COMPLAINT - 9
2:19-cv-02082

#1297/

The District Council of Iron Workers of the State of California and Vicinity, for and on behalf of its affiliated California Field Iron Worker Local Unions, agrees to perform all of the provisions of the Iron Workers Master Agreement.

This Iron Workers Independent Agreement shall be binding upon the heirs, executors, administrators, successors, purchasers, and assigns of the undersigned individual employer, including any name or style under which business is conducted with respect to work covered by this Independent Agreement.

By executing this Iron Workers Independent Agreement, the undersigned individual employer agrees to be bound by any and all negotiated amendments, modifications, or changes to the Iron Workers Master Agreement in effect at the execution date hereunder; and, said individual employer further agrees to be bound to and by the terms and conditions of all successor Iron Workers Master Agreements; and, this Iron Workers Independent Agreement shall remain in full force and effect indefinitely unless notice is given strictly in accordance with the limitations specified as follows:

Except as set forth below, the individual employer waives any right that he or it may have to terminate, abrogate, repudiate or cancel this Agreement during its term, or during the term of any future modifications, changes, amendments, supplements, extensions or renewals of or to said Master Agreement; or to file or process any petition before the National Labor Relations Board seeking such termination, abrogation, repudiation or cancellation.

Either party to this Iron Workers Independent Agreement may terminate said Independent Agreement by the giving of not less than one hundred twenty (120) days but not more than one hundred fifty (150) days written notice, sent by registered mail, to the other party prior to the expiration date specified in the Iron Workers Master Agreement which is in effect during the period of desired termination. (Any notice given with respect to any interim reopening of the Iron Workers Master Agreement shall not have the effect of terminating this Iron Workers Independent Agreement.) Neither this Independent Agreement nor the Iron Workers Master Agreement may be changed or modified in any way without the written approval by an authorized representative of the District Council.

It is the intent of the parties hereto that the terms and conditions of this Iron Workers Independent Agreement are intended to comply with and be interpreted and applied only to the extent permitted by law.

**DISTRICT COUNCIL OF IRON WORKERS**
Of the State of California & Vicinity

Local Union No. _____433_____

By _Paul A Moreno_    By _Donald G Zup_
Signature of Union Representative    Signature of District Council President
(This agreement is not valid unless
signed by the District Council President)

EMPLOYER  _B F STEEL INC_
Name of Firm

By _/s/_
Signature of Authorized Employer Representative

_MOE FARROKHI_
Type or Print Name and Title of Employer Representative

Contractors License No. _742057_    Classification _C51_

Street Address _____1037 W 251ST ST_____

City and State _____HARBOR CITY, CA_____    Zip _____90710_____

Mailing Address _____SAME AS ABOVE_____

City and State _____    Zip _____

Business Telephone ( _310_ ) _539-3323_    Email _____
Area Code

DATED THIS _1ST_ day of _July_ 20_17_

EFFECTIVE THIS _1ST_ day of _July_ 20_17_

RECEIVED
DEC 4 2017
By _____

7/16-5M

Bd. of Trs. of the California Ironworkers Field Pension Trust, et al., v. B.F. Steel, Inc.

EXHIBIT 1 to COMPLAINT - 10
2:19-cv-02082

# EXHIBIT 2

Bd. of Trs. of the California Ironworkers
Field Pension Trust, et al., v. B.F. Steel,
Inc.

EXHIBIT 2 to COMPLAINT - 11
2:19-cv-02082

# CONTRIBUTING EMPLOYERS AGREEMENT

CALIFORNIA IRONWORKERS FIELD WELFARE PLAN ● CALIFORNIA IRONWORKERS FIELD PENSION TRUST ●
CALIFORNIA FIELD IRONWORKERS VACATION TRUST ● CALIFORNIA FIELD IRONWORKERS ANNUITY TRUST ●
CALIFORNIA FIELD IRONWORKERS APPRENTICESHIP TRAINING AND JOURNEYMAN RETRAINING FUND ● CALIFORNIA FIELD
IRONWORKERS ADMINISTRATIVE TRUST AND CALIFORNIA FIELD IRONWORKERS LABOR-MANAGEMENT COOPERATIVE TRUST

The undersigned, an employer employing Ironworkers performing field work, for and in consideration of the provision by the California Ironworkers Field Welfare Plan (hereinafter referred to as "Welfare Plan"), California Ironworkers Field Pension Trust (hereinafter referred to as "Pension Trust"), the California Field Ironworkers Vacation Trust (hereinafter referred to as "Vacation Trust"), California and Vicinity Field Ironworkers Annuity Trust (hereinafter referred to as "Annuity Trust"), the California Field Ironworkers Apprenticeship Training & Journeyman Retraining Fund (hereinafter referred to as "Apprenticeship Fund"), the California Field Iron Workers Administrative Trust (hereinafter referred to as "Administrative Trust", the California Field Ironworkers Labor-Management Cooperative Trust (hereinafter referred to as "Labor Management Trust") of respectively, health and welfare, pension and retirement, vacation benefits and annuity benefits to eligible field ironworker employees of the undersigned, and a program for the pension and training of ironworker employees of the undersigned and a program for the education and training of ironworker apprentices and a retraining program for journeyman, administrative, Labor Management hereby agrees to accept and to be bound by and to comply with the terms and provisions of the Agreement and Declaration of Trust establishing the California Ironworkers Field Welfare Plan dated as of March 1, 1953, the Agreement and Declaration of Trust establishing the California Ironworkers Field Pension Trust dated as of August 8, 1958, the Agreement and Declaration of Trust establishing the California Field Ironworkers Vacation Trust dated as of January 15, 1962, the Agreement and Declaration of Trust establishing the California and Vicinity Field Ironworkers Annuity Trust dated as of July 1, 1976, the Agreement and Declaration of Trust establishing the California Field Ironworkers Apprenticeship Training & Journeyman Retraining Fund, formerly known as The Contractors Apprenticeship Training Fund for Ironworkers dated as of August 12, 1959, the California Field Iron Workers Administrative Trust dated as of August 16, 1971, the Agreement and Declaration of Trust establishing the California Field Ironworkers Labor-Management Cooperative Trust dated July 1, 1992, all as amended. Receipt of a copy of each of said Agreements and Declarations of Trust is acknowledged herewith. The undersigned hereby ratifies the selection of and accepts as his representatives, the present employer Trustees of the Welfare Plan, the Pension Trust, the Vacation Trust, the Annuity Trust, the Administrative Trust, the Labor Management Trust and their successors in office from time to time. Contributions to the Welfare Plan, the Pension Trust, the Vacation Trust, the Annuity Trust, the Apprenticeship Fund, the Administrative Trust, the Labor Management Trust will be made by the Undersigned, as required by said Agreements and Declarations of Trust and, (a) at the rates and in accordance with the Structural, Reinforcing and Ornamental Ironworkers Agreement between certain employer associations and the District Council of Iron Workers of the State of California and Vicinity, International Association of Bridge, Structural and Ornamental Ironworkers, dated July 1, 1998, as amended, supplemented, modified, extended, renewed or superceded from time to time (for work performed in the State of California and the Counties of Mineral, Douglas, Churchill, Washoe, Pershing, Lander, Humboldt, Lyons, Storey, Clark, Lincoln and Nye of the State of Nevada), or (b) to the Welfare Plan, the Pension, Apprenticeship, Annuity, Labor Management Trusts at the rates and in accordance with the Arizona Master Labor Agreement by and between Arizona Contractors and the International Association of Bridge, Structural and Ornamental Ironworkers, Local 75, effective February 1, 1998, as amended, supplemented, modified, extended, renewed or superceded from time to time (for work performed in the State of Arizona). Said contributions shall commence as of the effective date of agreements and shall continue for a period provided in such agreements, including any and all amendments, supplements, modifications, extensions, renewals, or successor agreements thereto and from year to year thereafter unless written notice revoking this Agreement is given to the Board of Trustees of the Welfare Plan, Pension Trust, Vacation Trust, Annuity Trust, Apprenticeship Fund, Administrative Trust, and Labor Management Trust.

Dated: _July 3, 2017_

Accepted on _7/11/17_ _(Date)_ on behalf of

BOARD OF TRUSTEES OF THE CALIFORNIA IRONWORKERS
FIELD WELFARE PLAN, PENSION, ANNUITY, VACATION,
ADMINISTRATIVE, LABOR-MANAGEMENT TRUSTS AND THE
APPRENTICESHIP FUND

By _Paul N Moreno_
_(Union Representative)_

433
_(Local Union Number)_

☐ Employers performing work outside are not obligated to contribute to the above California Ironworkers Trust. Check if applicable

RECEIVED
DEC 4 2017
By ___

BF STEEL INC
_(Company Name)_

_M.F._ _(Officer Signing)_

MOE FARROKHI
_(Please Print Name)_

PRESIDENT
_(Title of Officer)_

742057
_(State Contractor's License Number)_

310-539-3323
_(Area Code and Telephone Number)_

1037 W 251ST ST
_(Company Address)_

HARBOR CITY, CA 90710
_(City, State & Zip Code)_

Check One

☒ Corporation   ☐ Partnership   ☐ Sole Ownership   ☐ Limited Liability Co.

Bd. of Trs. of the California Ironworkers
Field Pension Trust, et al., v. B.F. Steel,
Inc.

EXHIBIT 2 to COMPLAINT - 12
2:19-cv-02082